## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-01078-lmj7 |
| | ) | |
| Henry J. Schappert, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

### STIPULATION AND CONSENT TO ENTRY OF ORDER DENYING DISCHARGE

The United States Trustee for Region 12, by the undersigned Trial Attorney, and Debtor, Henry Schappert ("Debtor" or "Schappert"), by his attorney Sam Marks, submit the following stipulation consenting to entry of an order denying the discharge of Debtor as sought in case no. 24-01078-lmj7. In support of the Stipulation the parties represent as follows:

1.      The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), 28 U.S.C. § 151, and Fed R. Bankr. P. 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      This motion arises under 11 U.S.C. §§ 727(c)(1). This motion is filed under Fed. R. Bankr. P. 9014. The United States Trustee and Henry Schappert request the Court approve Debtor's waiver of discharge.

3.      After this case was commenced, the United States Trustee investigated Debtors' financial circumstances, ownership interests in certain business assets, and representations made by Debtor in his bankruptcy documents and during the Section 341 meeting of creditors. Subsequent thereto, the United States Trustee concluded grounds existed to seek to deny Debtors' discharge pursuant to 11 U.S.C. § 727.

4.      Debtor has consulted with his attorney, Mr. Marks regarding the issues involved

with an adversary proceeding and the consequences of waiving his discharge. After discussions

between the parties, through counsel, Debtor agrees that all pending matters could be resolved if

the Court approved a written waiver of Debtor's discharge. Debtor has now executed a written

waiver of discharge, attached as Exhibit 1, and the parties hereby further stipulate and agree as

follows:

A.  Mr. Schappert agrees that the Court may enter an order denying his discharge
under any or all of the provisions of 11 U.S.C. § 727.

B.  Mr. Schappert was represented by attorney John Miller at the outset of his
bankruptcy case. Mr. Miller withdrew from representation on November 4,
2024. Debtor subsequently engaged the services of attorney Sam Marks who
filed his Notice of Appearance on January 7, 2025. Attorney Marks represented
Debtor over the course of these negotiations.

C.  Mr. Schappert has been advised that the denial of discharge is construed
liberally in favor of the debtor and strictly against those objecting to discharge.
*In re Devers*, 759 F.2d 751, 754 (9th Cir.1985).

D.  Mr. Schappert has been advised that upon the filing of an adversary complaint
to deny Debtor's discharge the United States Trustee bears the burden of proof
as to each element of the complaint by a preponderance of the evidence. Fed.
R. Bankr. P. 4005; *Grogan v. Grogan*, 498 U.S. 279, 287, 111 S.Ct. 654, 112
L.Ed.2d 755 (1991).

E.  Mr. Schappert has been advised that by entering into this Stipulation he is
waiving his right to trial and to have this matter decided by the Court.

F.  Mr. Schappert has been advised of the effects of a denial of discharge in his

chapter 7 case including:  (i) the limitations on any later discharge of the debts listed in the Schedules and (ii) the rights of creditors to seek to collect on debts listed ~~in the Schedules~~ (to the extent such debts are not resolved through the chapter 7 process).

5.     Mr. Schappert and the United States Trustee declare and represent that no promise or inducement not expressed in this Stipulation were made to induce the Mr. Schappert to enter into this Stipulation.  This Stipulation contains the entire understanding and agreement between the parties in all respects.

6.     Mr. Schappert understands and agrees that this Stipulation does not contain a release of any claims or liability arising under any statute or common law, except those claims which might arise or be alleged under 11 U.S.C. § 727.  Mr. Schappert further understands and agrees to be subject to the terms and conditions set forth in this Stipulation.

7.     Each individual signing this Stipulation warrants and represents that they have full authority to execute this Stipulation on behalf of their client.

8.     Mr. Schappert and the United States Trustee, each acknowledge that:  (i) this Stipulation and its reduction to final form are a result of good faith negotiations between the parties through their respective counsel; (ii) said counsel have carefully reviewed and examined this Stipulation before execution; and, (iii) any statute or rule of construction stating that ambiguities are to be resolved against the drafting parties shall not be employed in the interpretation of this Stipulation.

9.     This Stipulation shall not be considered an admission by Mr. Schappert as to any allegation contained herein in any later civil or criminal proceeding.  Nor may this Stipulation, or any allegation or admission contained herein, be introduced to prove any fact in or to meet a party's

burden to produce evidence any other civil or criminal action.

10.   Mr. Schappert and the United States Trustee request this Stipulation be implemented by entry of the appropriate Order by the Bankruptcy Court.

Accordingly, and based on the foregoing Stipulation, the parties hereto respectfully request the Court accept this Stipulation and enter an order denying the discharge of Henry Schappert in chapter 7 case no. 24-01078-lmj7

Dated: 1/15/2025

**Mary R. Jensen**
Acting United States Trustee, Region 12

By: /s/ Claire R. Davison
**Claire R. Davison**
AT #0014945
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (202) 320-3943
Claire.r.davison@usdoj.gov

Dated: 1/14/25

Dated: 1/14/25

**Attorney For Debtor**

By: /s/ Samuel Z. Marks
**Samuel Z. Marks**
4225 University Avenue
Des Moines, Iowa 50311
Ph: (515) 276-7211
Fax: (515)276-6280
sam@markslawdm.com
office@markslawdm.com

Henry Schappert